IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOHN MARTIN and<br>UNISOURCE WORLDWIDE, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | FILE NO. 1:12-cv-00769-ODE |
| | ) | |
| INDUSTRIAL PACKAGING<br>SUPPLIES, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## REPLY OF INDUSTRIAL PACKAGING SUPPLIES, INC. IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

NOW COMES Defendant Industrial Packaging Supplies, Inc. ("IPS") and files its Reply in Support of its Motion to Dismiss, or, in the Alternative, to Transfer Venue, and shows the Court as follows:

## I.  INTRODUCTION

Having failed to persuade this Court to enjoin IPS from pursuing its claims pending in the District of South Carolina (and having abandoned their efforts to dismiss or transfer that case), Plaintiffs now ask this Court not to dismiss or transfer this "substantially overlapping" case to that Court.  (*See* March 19, 2012, Memorandum Opinion of the Hon. Orinda D. Evans, Doc. No. 14 at 5.)  In so

doing, Plaintiffs cry foul at being depicted as engaging in "some sort of nefarious scheme in a 'win at all costs' mentality." (Opposition, Doc. No. 25 at 1.)   In light of their conduct to date, IPS thinks Plaintiffs doth protest too much.

At the center of Plaintiffs' Opposition is their contention that IPS has wrongfully denied Martin commissions owed to him following his separation from employment on March 5, 2012. (*See* Opposition, Doc. No. 25 at 3.)   However, Martin is either intentionally misleading the Court or he is incredibly (and quite dubiously) forgetful.   On March 6, 2012, Martin emailed IPS to specifically ask that he *not* be paid any commissions that might otherwise be due to him.   (March 6, 2012, email of John Martin, attached hereto as *Exhibit* A.)   In so doing, Martin stated that he wished to offset money he owed to IPS's owner, Jerry Murdock, who had helped pay for Martin's college education.   (*See* Ex. A.)

Martin had a similar "memory lapse" in the federal proceeding in South Carolina, where he submitted a *sworn* declaration under oath that IPS had breached his Nondisclosure and Noncompetition Agreement (the "Agreement") by changing his compensation from salary to commission without a subsequent writing signed by both parties.   (Martin Declaration, attached as *Exhibit* B.)   Unfortunately for Martin, however, IPS had in fact secured his written consent to this change to full

commission a full six (6) months *before* the change was put into effect. (September 23, 2011, letter to John Martin, attached hereto as *Exhibit* C.)

Accordingly, while IPS wishes to extend the benefit of the doubt to Plaintiffs, their conduct in this and the matter pending in South Carolina to date appears indicative of the very "nefarious, win at all costs" they purport to decry. Given Unisource's admission at oral argument before Judge Herlong on March 20, 2012, that the *true* purpose of filing the original action in Georgia was to have the Agreement declared unenforceable so that Unisource and Martin could seek to convert his IPS customer base to Unisource, this appearance is likely *not* deceiving.[1]

In any event, allowing these two cases to proceed would be a waste of time and judicial resources.  In their Opposition, Plaintiffs cite to their recently amended Complaint and argue that the South Carolina action will not resolve all of these issues.  Plaintiffs further claim that the "balance of factors" supports venue in Georgia rather than South Carolina.  While Plaintiffs would understandably prefer to litigate their claims in this court, they have failed to overcome IPS' showing that this would result in needless duplicative litigation.   Given the "compelling circumstances" which this Court has held to "warrant an exception to the first-filed

---

[1] IPS has requested a copy of the hearing transcript and will file a copy of same upon receipt.

rule" (Doc No. 14 at 8), this case should be dismissed or transferred so that the same "certain inefficiency and undue expense" to which Plaintiffs cited in their Emergency Motion for Injunctive Relief may be avoided.

## II.    ARGUMENT AND CITATION OF AUTHORITY

**A.    Martin's New Claims Against IPS Arise Under South Carolina Law and Events Occurring in South Carolina, and Should Be Heard by the South Carolina Court Which Is Intimately Familiar With This Case.**

As noted in IPS' initial brief, Plaintiffs have recently amended their Complaint to add several claims including a claim arising under the South Carolina Payment of Wages Act, S.C. Code Ann. §§ 41-10-10, *et seq.*, due to IPS' alleged nonpayment of approximately $10,000 in commissions.  As noted above, IPS' investigation indicates that these claims are tenuous at best.  With respect to the commissions claim, IPS has learned that Martin disclaimed entitlement to the commissions at issue on March 6, 2012, and asked that the approximately $10,000 be applied to pay off his aforementioned debt to IPS' owner Jerry Murdock.  (*See* Ex. A.)

It thus appears that Plaintiffs filed these dubious claims in an effort to manufacture a dispute with IPS apart from Martin's Nondisclosure and Noncompetition Agreement, in hopes of dissuading this Court from dismissing or transferring this case to the South Carolina court.  As the Court may recall, IPS has

4

no office in Georgia. Martin was IPS' *only* Georgia employee, and he worked from home. Martin's claims involve actions taken by IPS at its corporate headquarters and will necessarily require examination of IPS' corporate records (which are all in South Carolina). Accordingly, Plaintiffs' argument that Georgia is a more appropriate forum than South Carolina for their claims against IPS, fails the "giggle test."

In any event, Plaintiffs' expressed concern that the South Carolina action cannot completely resolve all of the issues in the Georgia case, would be easily remedied by Plaintiffs' filing of counterclaims in South Carolina. The South Carolina court has already held two hearings, issued a number of discovery and scheduling orders, and is clearly familiar with both the factual issues and South Carolina law (including the application of the South Carolina Payment of Wages Act specifically invoked by Martin). Judicial economy dictates that the South Carolina court hear all of the disputes between the parties.

**B.** **The Balance of Factors Supports Transfer to the South Carolina Court Rather Than the Maintenance of Two Separate Actions in Two States.**

While Plaintiffs *now* argue that the "balance of factors" favors the maintenance of two overlapping lawsuits in two federal courts, their arguments are disingenuous and unavailing. First, while Plaintiffs claim that non-party witnesses would be inconvenienced by being asked to travel to South Carolina, they ignore

5

the fact that many of these witnesses are already part of the pending South Carolina litigation.  They will not be any more inconvenienced by giving testimony as to all issues in South Carolina, rather than testifying once in South Carolina and yet again in Georgia.  And, witnesses who are not subject to compulsory process in South Carolina may testify by deposition in Georgia.

Second, many "key documents" are located in South Carolina, at IPS' corporate office.  To the extent that Plaintiffs have "key documents," as Plaintiffs point out they are "controlled by a party and likely to be easily transferred."  Third, Plaintiffs fail to show how it is more convenient for the parties to litigate two separate actions in South Carolina and Georgia, rather than one in South Carolina. Fourth, the "locus of operative facts" is in South Carolina as Martin worked for IPS in South Carolina for years, including by attending key strategy meetings on the day he resigned.  Unisource is a Georgia company, but its involvement with Martin and IPS did not begin until it recruited and hired Martin in early 2012. Fifth, the relative means of the parties is a non-issue.  Martin is already litigating against IPS in South Carolina.  He is the one who chose to file additional claims against IPS in Georgia.  It is difficult to see how litigating these claims in South Carolina, as part of the pending litigation, would impose a "tremendous burden" upon him.

Sixth, this Court has already held that the "first-filed" rule does not apply due to Plaintiffs' anticipatory filing and forum shopping.  (Doc. No. 14 at 6.) Plaintiffs' choice of forum is thus not entitled to deference.  Finally, the interests of justice require that all of the parties' claims proceed in one forum, rather than the piecemeal and duplicative procedure now advocated by the Plaintiffs.  *See Soroka v. Lee Technologies Services, Inc*., 2006 U.S. Dist. LEXIS 44909, **13-14 (N.D. Ga. June 19, 2006) (compelling reasons for transfer of anticipatory filing existed due to "opportunity for consolidation and, thus, the conservation of judicial resources").

## III.   <u>CONCLUSION</u>

For the foregoing reasons and as discussed in its initial brief, IPS respectfully requests that this Court grant its Motion to Dismiss, or, in the Alternative, to Transfer Venue.

This 11th day of May, 2012.

<u>/s/ Michelle W. Johnson</u>
Michelle W. Johnson
Georgia Bar No. 759611
michelle.johnson@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street/ 17th Floor
Atlanta, GA  30363
(404) 322-6000 (Phone)
(404) 322-6050 (Fax)

~#4852-4902-2735 v.1~

William H. Foster
Fed. Bar No. 6221
bill.foster@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
Poinsett Plaza, Suite 900
104 South Main Street
Greenville, SC 29601
(864) 250-2300 (Phone)
(864) 232-2925

*Admitted pro hac vice*

Attorneys for Defendant Industrial Packaging Supplies, Inc.

~#4852-4902-2735 v.1~

## **CERTIFICATION OF COMPLIANCE AS TO FONT SIZE**

The undersigned counsel certifies that the foregoing pleading has been prepared with 14 point Times New Roman font, which is one of the fonts and point selections approved by the Court in LR 5.1C, NDGa.

/s/ Michelle W. Johnson
Michelle W. Johnson
Georgia Bar No. 759611

9

## CERTIFICATE OF SERVICE

I hereby certify that on May 11th, 2012, the foregoing *Reply of Industrial Packaging Supplies, Inc. in Support of Its Motion to Dismiss or, in the Alternative, to Transfer Venue* was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

> John A. Sherrill
> Robert C. Stevens
> Eric F. Barton
> SEYFARTH SHAW LLP
> 1075 Peachtree Street, N.E.
> Suite 2500
> Atlanta, GA 30309-2401

This 11th day of May, 2012.

> /s/ Michelle W. Johnson
> Michelle W. Johnson
> Georgia Bar No. 759611

~#4852-4902-2735 v.1~